UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-62467-CIV-GAYLES/OTAZO-REYES

TRI-LADY MARINE, LTD., d/b/a
TRIUMPHANT LADY,

      Plaintiff,

v.

AQUA-AIR MANUFACTURING, et al.

      Defendants.
_____/

# ORDER

**THIS CAUSE** comes before the Court on Defendant Bishop Mechanical's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3) [ECF No. 5]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

# BACKGROUND

Plaintiff Tri-Lady Marine, LTD ("Plaintiff") is the owner of a yacht known as the Vessel Triumphant Lady (the "Vessel"). In June 2015, the Vessel was moored in Atlantic City, New Jersey. At that time, one of the Vessel's three chiller units stopped working. As a result, on June 9, 2015, Plaintiff contracted with Defendant Elite Marine Yacht Services, LLC ("Elite") to purchase a new chiller unit manufactured by Defendant Aqua-Air Manufacturing ("Aqua-Air"). Plaintiff then approached Defendant Bishop Mechanical Services ("Bishop") to install the new

chiller.[1] *See* Declaration of John Lare ("Lare Dec.") at ¶ 13; Affidavit of Glenn F. Straub ("Straub Aff.") at ¶ 10. On four separate occasions between June and November of 2015, Plaintiff and Bishop contracted for work done on the Vessel, as evidenced by the invoices attached to the Amended Complaint. Although Bishop listed Plaintiff's Wellington, Florida, address on the invoices, Bishop only serviced the Vessel while it was moored in New Jersey. Plaintiff alleges that the Vessel suffered water damage as a result of either defects in and/or improper installation of the chiller. Plaintiff does not specify where the Vessel was moored at the time of injury in the Amended Complaint. However, in response to the Motion, Plaintiff states that the initial damage occurred in New Jersey and continued once the Vessel returned to Florida. Straub Aff. at ¶ 20.

On January 1, 2016, Plaintiff filed a Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, against Aqua-Air and Elite. Plaintiff later added a claim for breach of contract against Bishop. Specifically, Plaintiff asserts that Bishop failed to properly install and/or test the Aqua-Air Chiller. On October 19, 2016, Bishop removed the action to this Court. Bishop has moved to dismiss arguing lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. In the alternative, Bishop asks that the Court transfer this action to the United States District Court for the District of New Jersey.

## DISCUSSION

### A. Subject Matter Jurisdiction

Bishop argues that this Court does not have subject matter jurisdiction over Plaintiff's claims because Plaintiff is a foreign corporation and failed to obtain a certificate of authority to do business in Florida. Florida's door-closing statute provides that a foreign corporation may not transact business in Florida unless it obtains a certificate of authority from the Department

---

[1] Bishop asserts that it only serviced equipment that was already installed on the Vessel. The factual dispute over whether Bishop installed or merely serviced the chiller has no bearing on the jurisdictional issues raised in the motion.

of State. *See* Fla. Stat. § 607.1501(1). Without a certificate, the corporation "may not maintain a proceeding in any court in this state." Fla. Stat. § 607.1502(1).

When Plaintiff filed this action, it did not have a certificate of authority from the Florida Department of State.[2] However, this Court has original admiralty jurisdiction over Plaintiff's claims. Therefore, Florida's door-closing statute does not bar Plaintiff's action from proceeding in federal court in Florida. *See Help at Home v. Cam Enterprises*, Case No. 14-80255-CIV-MARRA, 2015 WL 11254729 at *2 (S.D. Fla. Mar. 9, 2015) ("Florida's door-closing statute does not bar a plaintiff from seeking adjudication of its federally created rights in a federal forum.").

**B. Personal Jurisdiction**

"A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 436 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Where a defendant challenges jurisdiction in a motion to dismiss pursuant to Rule 12(b)(2), as Bishop does here, and submits evidence in support of its position, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). When a defendant satisfies its burden, the plaintiff, in order to justify the exercise of jurisdiction, must "substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir. 1986).

---

[2] Plaintiff applied for a certificate after Bishop filed its motion to dismiss. *See* Straub Aff. at ¶ 2.

A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction over a nonresident defendant exists. First, the court must determine whether the exercise of jurisdiction is appropriate under Florida's long-arm statute. *Mutual Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). Second, the court must determine whether personal jurisdiction over the defendant violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.*

### *Long-Arm Statute*

Plaintiff argues that this Court has jurisdiction over Bishop pursuant to § 48.193(1)(a)(6) which provides that a person will be subject to the jurisdiction of the courts of Florida for "[c]ausing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury . . . [t]he defendant was engaged in solicitation or service activities within this state . . . ." Fla. Stat. § 48.193(1)(a)(6). Plaintiff's argument is without merit as Bishop was not engaged in "solicitation" in Florida.

Plaintiff alleges that that Bishop "solicited and contracted with Tri-Lady in the State of Florida . . . ." *Id.* at ¶ 6. However, as set forth in the Declaration of John Lare, Plaintiff unilaterally contacted Bishop to perform the work and negotiated the contracts in New Jersey. Lare Dec. at ¶¶ 13, 15. Although Plaintiff counters by asserting that it negotiated the contracts, by telephone, from its offices in Florida, Plaintiff admits that its chief engineer first contacted Bishop. *See* Straub Aff. at ¶ 10. The record clearly reflects that Bishop never solicited Plaintiff's business. Rather, Plaintiff solicited Bishop, a New Jersey company with no offices, owners, or employees outside of New Jersey, to perform work on Plaintiff's Vessel while it was moored in New Jersey. As a result, there is no jurisdiction over Bishop under the Florida long-arm statute. *See Creekpath Systems, Inc. v. Rabrob Corp.*, 874 So. 2d 686, 687 (Fla. 4th DCA 2004) (no solicitation where Plaintiff unilaterally contacted Defendant); *Reflection Manufacturing, LLC v.*

4

*I.S.A. Corp.*, No. 6:10-cv-1951-Orl-19GJK, 2011 WL 972570 at *7 (M.D. Fla. Mar. 18, 2011) (no solicitation of business in Florida where the plaintiff initiated the business relationship at issue).

*Due Process*

Even if Plaintiff had met its burden under the long-arm statute, Plaintiff cannot establish that jurisdiction over Bishop in Florida comports with due process. The underlying test for due process requires that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The minimum contacts requirement is not satisfied by a mere showing that a Florida party entered into a contract with an out-of-state party. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

Bishop's primary place of business is in New Jersey. Lane Dec. at ¶3. It has no office space, no phone number, no mailing address, no employees, no bank accounts, no property, and no agent in Florida. *Id.* at ¶¶ 4-9. Bishop is not licensed to do business in Florida and does not advertise in Florida. *Id.* at ¶¶ 10, 11. Bishop has virtually no contact with Florida aside from its limited interaction with Plaintiff. As a result, exercise of jurisdiction over Bishop in this Court does not comport with due process. *See Burger King Corp.*, 471 U.S. at 474-75 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.") (internal citations omitted).

Often, when the Court lacks personal jurisdiction over a defendant, the Court will transfer the action to a district where the exercise of personal jurisdiction is appropriate. However, in this action, Plaintiff and Aqua Air are Florida corporations, and Elite appears to have offices in the state. As a result, the Court shall provide Plaintiff with ten days to address whether it seeks

transfer of this action to the District of New Jersey. If the action is not transferred to New Jersey, the Court will dismiss all claims against Bishop.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Bishop Mechanical's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3) [ECF No. 5] is **GRANTED** for lack of personal jurisdiction. It is further

**ORDERED AND ADJUDGED** that Plaintiff shall notify the Court whether it seeks transfer of this action to the District of New Jersey within 10 days of the date of this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of April, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE